Jacob Markowitz, J.
After the trial of action No. 2 had commenced, a Beferee was appointed to take testimony and report as to a proposed settlement of that action and also of action No. 1 which, though not yet on the Trial Calendar, was included in the proposed settlement. For the purposes of the reference, both actions were consolidated. The Beferee’s report disapproving the .proposed settlement was confirmed by the court and the trial was thereupon resumed.
At the opening of the resumed trial some of the defendants ' moved to dismiss the supplemental and further complaint in what had been action No. 1 and the supplemental and further amended complaint in what had been action No. 2, for alleged insufficiency. Plaintiffs’ attorney countered with a motion for an order severing action No. 1 from action No. 2 and directing the trial to proceed only as to the latter. Action No. 1 sought a judgment declaring null and void a voluntary amended plan of reorganization affecting property owned by defendant Fifth Madison Corporation, hereinafter referred to as “ the corporation ”. Action No. 2 sought enforcement of the amended plan on the theory that it was valid. The motion to sever the actions and proceed with the trial of action No. 2 was granted, and the motion to dismiss the complaint in action No. 1 was denied, but without prejudice to a renewal in that action. The motion to dismiss the complaint in action No. 2 was denied, as was a motion to compel an election between the two causes of action pleaded in the complaint in that action. The trial of action No. 2 then continued.
Both causes of action in action No. 2 are brought by plaintiffs on behalf of themselves and all other class A stockholders of *298 the corporation. The first cause alleges that, under a 1953 amended plan of reorganization of the corporation, certain of the holders of its class A stock and second mortgage bonds surrendered the stock and bonds, and that upon said surrender the stock became the property of the corporation. It goes bn to allege that the defendants, Purdy, without paying any consideration, caused the surrendered stock to be transferred to themselves or to a corporation controlled by them. The alleged transfer is sought to be set aside and a decree directing the return of the stock to the corporation is requested.
Although the ¡proof at the trial failed to establish that the surrendered class A certificates had actually been delivered to the Purdys, the defendants’ answer denied that the surrendered shares were the property of the corporation. When asked by the court whether he would be willing to request Manufacturers Trust Company, which held the certificates, to turn them over to the corporation, defendants’ attorney, Mr. Blanc, replied that he would not. In these circumstances, plaintiffs are entitled, under the first cause of action, to a judgment declaring that the surrendered certificates are the property of the corporation (how these certificates are to be dealt with by the corporation will be discussed in connection with the disposition of the second cause of action).
The second cause of action proceeds upon the theory that the amended plan provided for the retirement of the shares of class A stock surrendered by assenting holders thereof. Such retirement, it is alleged, would redound to the benefit of plaintiffs and other nonassenting class A stockholders, since they would, under the provisions of the class A certificates, obtain a greater share of the net proceeds of a sale of the mortgaged property if the surrendered shares were retired than they would if the shares continued to be valid outstanding stock of the corporation. A decree directing the cancellation and retirement of the surrendered class A certificates is applied for.
Defendants dispute plaintiffs ’ contention that retirement of the surrendered class A certificates was provided for in the amended plan. They point to the fact that the amended plan, dated March 3, 1953, expressly provided that ‘4 the class A stock will not be cancelled but will be delivered to, or in accordance with the written instructions of, Fifth Madison Corporation However, notwithstanding this language of the amended plan, Mr. Justice Botéis (now presiding Justice of the Appellate Division for this Department) in granting a motion to dismiss the original complaint in action No. 1, relating to the same amended plan, held that the amended plan required *299 that the surrendered class A certificates "be retired. He said (Christie v. Fifth Madison Corp., 123 N. Y. S. 2d 795, 797): “ Furthermore, for each $5 increase in the face amount of the bonds to be issued under the proposed plan, one share of Class A stock is to be retired. The retirement of such shares would increase the amount of the share in the equity available to the remaining Class A stockholders, and might more than offset the additional bond indebtedness Y At page 798, Mr. Justice Boteik again referred to “ the retirement of the Class A stock Y Judge Botein may well have based Ms conclusion on the fact that outstanding certificates of stock may not be retired by cancellation, as in the case of bonds, but require amendment of the certificate of incorporation. "Without such amendment, there would be nothing to prevent the directors from reissuing the retired stock. The provision of the plan that the surrendered A stock was not to be cancelled, but delivered in accordance with the instructions of the board of directors, appears to have been construed by the court as contemplating such instructions as the board of directors might deem necessary in order to effect valid retirement of the certificates. A letter written by the corporation, dated April 24, 1953, tends to confirm Judge Boteist’s interpretation of the amended plan. The letter contains a table purporting to show what the capitalization of the corporation would be if holders of second mortgage bonds of a specified amount accepted the plan. This table shows that whereas the then capital included 29,242 -shares of outstanding class A stock, the outstanding class A stock would be reduced, by the acceptance referred to above, to 9,702 shares. Although the letter was intended only for stockholders who had assented to the plan and was sent only to them, it, nevertheless, constitutes an admission that the plan contemplated that the board of directors would retire the class A stock surrendered to the depositary under the plan.
Accordingly, the court finds that plaintiffs are entitled to a decree directing the retirement of the surrendered stock and declaring that the only outstanding class A stock consists of shares which were not surrendered by those who assented to the plan.
All motions upon which rulings were reserved at the trial, insofar as they are inconsistent with the foregoing, are denied, with appropriate exceptions. Judgment is granted to plaintiffs, with costs on both causes of action to the extent indicated. The foregoing represents the decision of the court. Settle decree on 10 days’ notice.